MASCHOFF BRENNAN GILMORE ISRAELSEN & MAURIEL LLP
Thomas P. Krzeminski (Cal. Bar No. 213714)
tkrzeminski@mabr.com
David J. Williams (Cal. Bar No. 236919)
dwilliams@mabr.com
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:   949.202.1900
Facsimile:    949.453.1104

Attorneys for Plaintiff Glean IP Holdings, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEAN IP HOLDINGS INC.<br><br>    Plaintiff,<br><br>vs.<br><br>GLEAN TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.:  3:25-cv-8536<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

Plaintiff Glean IP Holdings Inc. ("Glean IP") brings this Complaint against Defendant Glean Technologies, Inc. ("GTI"). Glean IP alleges as follows:

## PARTIES

1. Plaintiff Glean IP is a Delaware corporation. Glean IP owns certain trademarks at issue in this lawsuit.

2. Defendant GTI is a Delaware corporation with a principal address at 260 Sheridan Ave., Suite 300, Palo Alto, CA 94306.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the federal trademark infringement and false designation of origin claims in this action under at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has supplemental jurisdiction over California statutory claims under 28 U.S.C. §§ 1338(b) and 1367(a), because the statutory claims are so related to the federal law claims within the Court's jurisdiction that they form part of the same case or controversy.

5. This Court has specific personal jurisdiction over GTI consistent with the principles underlying the U.S. Constitution and at least CA Civ Pro Code § 410.10. GTI has sufficient minimum contacts with this District at least by virtue of its principal business location in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 at least because GTI has a regular and established place of business in this District, has committed acts of infringement in this district, and resides in California.

## FACTUAL BACKGROUND

7. Glean Analytics Inc. ("Glean Analytics") is a software-as-a-service company that licenses certain trademarks at issue in this lawsuit from Glean IP. Glean Analytics has used these trademarks in connection with its artificial intelligence ("AI")-powered software for businesses.

8. Glean Analytics was launched in 2019. Glean Analytics offers an artificial intelligence ("AI")-powered software tool for businesses. Specifically, Glean Analytics' tool helps

1  companies track and analyze spending by, among other things, using AI to identify non-intuitive
2  insights. Glean Analytics' tool helps companies improve productivity and efficiency in its
3  accounting practices. Since its inception, Glean Analytics identified itself as the source for this
4  software by using one or both of the marks GLEAN and GLEAN.AI.

5       9.    Glean Analytics applied for and was granted five registered trademarks in
6  connection with its name and product, three of which are at issue in this lawsuit:

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| 7882682 ("'682 Registration," Exhibit A) | GLEAN | Class 009: Downloadable mobile applications for performing financial analyses and identifying cost saving opportunities |
| 6970582 ("'582 Registration," Exhibit B) | GLEAN | Class 042: Providing a website featuring on-line non-downloadable software that enables users to perform financial analyses and identify cost saving opportunities |
| 7644167 ("'167 Registration," Exhibit C) | GLEAN.AI | Class 042: Providing temporary use of non-downloadable cloud-based software for accounts payable automation and spend intelligence; Software as a Service (SaaS) services featuring software for automating the accounts payable process, spend analysis, and financial decision-making support; cloud computing featuring software for use in the management of accounts payable, financial reporting, and spend analytics; providing a web-based online portal featuring online, non-downloadable software that enables customers to manage invoices, process payments, and analyze spending data; platform as a service (PaaS) featuring computer software platforms for invoice processing, payment management, and financial data analytics; providing on-line non-downloadable software for integrating accounting and financial systems for the purpose of automating accounts payable and financial reporting processes. |

23       10.    Together, the '682 Registration, '582 Registration, and '167 Registration will be
24  referred to as the "Asserted Trademarks."
25       11.    GTI started its business in 2019, around the same time as Glean Analytics.
26  However, GTI kept its activities private for several years because, as described in a 2021 Forbes

article[1], it wanted to prove out its technology before making it public. In 2021, GTI publicly launched a tool, with the name 'GLEAN,' that was also an AI-powered software tool for businesses, using a similar software-as-a-service business model.

12. As described in the same 2021 Forbes article, GTI's tool was born from a need to improve employee productivity by making company information more readily available and searchable. To that end, GTI's tool was built to analyze search queries and show employees personalized search results that are most relevant to that user's particular job from various information repositories used by the organization.

13. Just like Glean Analytics' tool, GTI's tool helps companies improve employee productivity and efficiency.

14. The confusion began not long after GTI's public launch. Multiple prospective customers, vendors, and even well-wishers contacted Glean Analytics thinking it was GTI.

15. Below are two examples of prospective customers contacting Glean Analytics when they meant to contact GTI:



---

[1] https://www.forbes.com/sites/kenrickcai/2021/09/15/glean-startup-emerges-from-stealth-enterprise-search-assistant/

3

Case No.                                                                                                                    COMPLAINT

> **From:** @gaedeke.com>
> **Sent:** Monday, August 25, 2025 11:26 AM
> **To:** Howard Katzenberg <hkatzenberg@gleanip.com>
> **Cc:** hello@glean.ai; Ryan Savage <ryan@gleancompany.com>
> **Subject:** RE: Repeat request for Demo
>
> Yes – my apologies. Please disregard and the call can be cancelled.
>
> Thank you.
>
> **GAEDEKE GROUP**
>
> Follow Gaedeke Group: LinkedIn | Instagram | Facebook
>
> **From:** Howard Katzenberg <hkatzenberg@gleanip.com>
> **Sent:** Monday, August 25, 2025 11:19 AM
> **To:** @gaedeke.com>
> **Cc:** hello@glean.ai; Ryan Savage <ryan@gleancompany.com>
> **Subject:** Re: Repeat request for Demo
>
> Are you confusing us with Glean.com?
>
> We are an accounts payable company.
>
> Sent from my iPhone

16. On another occasion, one of Glean Analytics' existing customers confused GTI's login page for Glean Analytics' login page:

> **From:** @secondfront.com>
> **Date:** Wed, Mar 20, 2024 at 12:07 PM
> **Subject:** Re: Login
> **To:** Cassie Crail <cassie@gleancompany.com>
>
> Oh geez, thanks! :)
>
> On Wed, Mar 20, 2024 at 8:43 AM Cassie Crail <cassie@gleancompany.com> wrote:
>> That is a different Glean, glad you were able to get in !
>>
>> Let me know if anything else comes up.
>>
>> Best,
>> Cassie
>>
>> On Tue, Mar 19, 2024 at 6:03 PM    @secondfront.com> wrote:
>>> I was going to https://glean.auth0.com/. What is that one for?
>>>
>>> I was able to login to the other one.

17. As another example, Glean Analytics was congratulated for closing a funding round—but the congratulations were meant for GTI:

4

> **McKnight** 11:37 AM
> Congrats Glean Team on the recent news of your series E funding round! 🎉🎊
>
> glean.com
> **Glean raises over $260M series E and launches next-generation prompting to accelerate its vision of Work AI for all**
> Arvind Jain | With new funding and expanded capabilities for its Work AI platform, Glean is bringing AI into everyone's daily work. (30 kB)
>
> [glean — Work AI for all — Raises over $260M at $4.6B valuation]
>
> 🙌 1
>
> **Howard** 6:35 PM
> Thanks McKnight. That's the other Glean though (glean.com).
> We're glean.ai
>
> 5 external people are from Currencycloud

18. Prospective customers have also contacted GTI thinking it was Glean Analytics. On August 25, 2025, GTI employee Daniel Henderson sent Glean Analytics a message about this confusion and asking if GTI could buy its domain name, glean.ai:

> We have confusion from our prospects finding glean.ai when they are trying to learn more from glean.com. Was seeing if there is anyone I can talk to on purchasing that domain you guys acquired.

19. For its part, GTI became popular in the AI tech world. GTI has raised many millions in investments and is valued in the billions.[2] On information and belief, GTI's success has been at least in part due to its brand and marketing strategy—the centerpiece of which is the clever name that happens to be the same one used by Glean Analytics and now owned by Glean IP.

20. GTI has expanded its product offerings since 2021, including specifically targeting its customers' accounting functions. For example, here is an example from GTI's website[3] explaining how its AI agents, launched in 2025, can be used:

---

[2] *See, e.g.*, https://www.glean.com/blog/glean-series-f-announcement

[3] https://www.glean.com/blog/8-finance-ai-agents

5

> **8. Budget allocation recommender**
>
> Suggests smarter fund reallocations based on real-time usage and evolving priorities.
>
> - **Problem to solve:** Reallocation decisions can lag when finance teams lack timely data or clear supporting rationale. That can slow down approvals and limit flexibility.
> - **What it does:** Analyzes real-time data across systems like project status, burn rate, and headcount to recommend reallocation options, each supported by linked documentation and business rationale.
> - **The impact:** Helps teams respond quickly to shifting priorities and improve planning decisions with better context.

21.     GTI's expansion has also included the purchase of other GLEAN trademarks in adjacent fields. For example, in 2023, it petitioned for cancellation of U.S. Trademark Reg. No. 6754819 for GLEAN, but then in 2025 it was assigned that mark. In 2022, GTI was sued for infringement of another GLEAN mark, U.S. Trademark Reg. No. 6557315, but it ultimately was assigned that mark, too.

22.     Glean Analytics acquires most of its new customers through online searching. But with another company, GTI, entering the market with the same name, a healthy budget for online advertising and search engine optimization, and increasing news coverage, prospective customers tend to find GTI first or more easily than they find Glean Analytics. Glean Analytics has observed a corresponding drop-off in website traffic, marketing effectiveness, and revenue, corresponding to a decrease in the value of Glean IP's licensed Asserted Trademarks.

23.     In January 2025, counsel for Glean Analytics wrote counsel for GTI a letter informing GTI of its infringement of the '167 and '582 Registrations (the '682 Registration had not issued at the time). Though the parties exchanged several letters from January to April 2025, ultimately, they could not resolve this issue. Despite the notification of infringement, GTI continues to use GLEAN in an infringing manner as of the date of filing this Complaint.

24.     In April 2025, Glean Analytics was acquired by a company named Pipe Technologies Inc. For some time, Glean Analytics operated as it did before the acquisition, seeking

out new customer leads and serving its existing paying customers. On information and belief, Glean Analytics intends to continue these operations until at least December 2025; subsequently, Glean Analytics intends to wind down its financial analysis product. On information and belief, Glean Analytics will continue to use the trademarks GLEAN and/or GLEAN.AI.

25. At around the same time, Glean IP acquired the Asserted Trademarks from Glean Analytics by Trademark Assignment, attached as Exhibit D. As part of the Trademark Assignment Glean Analytics assigned to Glean IP, among other things: (1) its entire rights, title, and interest in the Asserted Trademarks, along with two other trademarks, and all derivations, variations and combinations thereof ("Assigned Marks"), (2) all state, federal, international, and/or foreign registrations and applications for the Assigned Marks, (3) all goodwill inuring to and associated with the Assigned Marks, and (4) the right to sue for and all claims for damages for infringement of the Assigned Marks. In turn, Glean IP licensed the Assigned Marks for continued use to Glean Analytics.

26. Glean IP is actively licensing and seeking additional licensees for the GLEAN name and the Asserted Trademarks. For example, Glean IP currently licenses the Asserted Trademarks to TMZap Incorporated, which operates an AI-informed trademark analytics platform.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

27. Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

28. Glean IP is the owner of all rights, title, and interest in the Asserted Trademarks and has the exclusive legal right to enforce the Asserted Trademarks in the United States.

29. Glean IP licenses the Asserted Trademarks to Glean Analytics, and Glean Analytics uses the Asserted Trademarks in commerce in the United States in connection with its AI-powered software tool for businesses.

30. GTI uses the mark GLEAN as a source identifier for its AI-powered software tool for businesses in a manner that infringes the Asserted Trademarks.

31.  GTI uses reproductions, copies, and/or colorable imitations of the '682 Registration, which is registered in Class 009 for: "Downloadable mobile applications for performing financial analyses and identifying cost saving opportunities," in a manner that that is likely to cause, has caused, and continues to cause confusion, mistake, and deception concerning the source, sponsorship, or approval of GTI's products and services.

32.  For example, GTI uses the mark GLEAN in connection with a downloadable mobile app:[4]

33.  GTI uses reproductions, copies, and/or colorable imitations of the '582 Registration, which is registered in Class 042 for: "Providing a website featuring on-line non-downloadable software that enables users to perform financial analyses and identify cost saving opportunities."

---

[4] https://www.glean.com/download-glean

1  For example, GTI uses the mark GLEAN in connection with a website featuring non-
2  downloadable software[5]:



14     34.    GTI uses reproductions, copies, and/or colorable imitations of the '167 Registration,
15  which is registered in Class 042 for: "Providing temporary use of non-downloadable cloud-based
16  software for accounts payable automation and spend intelligence" (among other things) in a
17  manner that that is likely to cause, has caused, and continues to cause confusion, mistake, and
18  deception concerning the source, sponsorship, or approval of GTI's products and services. As
19  shown above, GTI uses the mark GLEAN in connection with a web-based online portal featuring
20  online, non-downloadable software and that provides temporary use of non-downloadable cloud-
21  based software.

22     35.    As described above, GTI's tool helps companies improve employee productivity
23  and efficiency, including in the area of finance.

24     36.    GTI's continued use of the Asserted Trademarks in an infringing manner after
25  Glean Analytics notified it of its infringement and as described above in paragraphs 18 and 23 is
26  in bad faith and with the willful intent to deceive a substantial portion of consumers, the intended

---
[5] https://www.glean.com/product/work-hub

audience, and the actual audience. Therefore, GTI's infringing activities constitute willful infringement of at least the '582 and '167 Registrations in violation of at least 15 U.S.C. § 1114.

37. As explained above, GTI's use of the Asserted Trademarks in commerce has deceived and continues to deceive a substantial portion of consumers, the intended audience, and the actual audience.

38. GTI's infringing activities will continue unless restrained and enjoined.

39. GTI's infringing activities have directly and proximately caused and continue to cause irreparable and economic injury to Glean IP, including, without limitation, loss of and/or harm to goodwill, reputational harm, loss of business, loss of sales, loss of revenues, and loss of profits.

40. GTI's infringement of the Asserted Trademarks has enabled GTI to benefit unfairly from the reputation and success of Glean IP and Glean Analytics, and the Asserted Trademarks, thereby allowing GTI to unjustly profit, and giving GTI's products and services commercial value that they would not otherwise have.

41. Glean IP is entitled to all compensatory damages, including, but not limited to: pecuniary damages, loss of and/or harm to goodwill, lost profits, expectation and consequential damages, exemplary damages, enhanced and/or trebled damages, and disgorgement of GTI's profits.

42. As monetary damages and other remedies at law are insufficient to fully compensate Glean IP for its injuries, Glean IP is also entitled to equitable relief, including preliminary and permanent injunctive relief.

43. Glean IP is otherwise entitled to the remedies provided for in 15 U.S.C. §§ 1116-1118.

**COUNT II**

**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(A)**

44. Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

1    45.    Glean IP is the owner of all rights, title, and interest in the Asserted Trademarks
2 and has the exclusive legal right to enforce the Asserted Trademarks in the United States.
3    46.    Glean IP licenses the Asserted Trademarks to Glean Analytics, and Glean Analytics
4 uses the Asserted Trademarks in commerce in the United States in connection with its AI-powered
5 software tool for businesses.
6    47.    GTI uses the mark GLEAN as a source identifier for its AI-powered software tool
7 for businesses in a manner that infringes the Asserted Trademarks.
8    48.    GTI uses the word, name, symbol, and/or device GLEAN in a manner that is likely
9 to cause confusion, mistake, or deception as to the affiliation, connection, or association of GTI,
10 on the one hand, and Glean IP and/or Glean Analytics, on the other hand, or as to the origin,
11 sponsorship, or approval of GTI's products, services, or commercial activities by Glean IP and/or
12 Glean Analytics. Examples of such use are shown above in paragraphs 30 through 34.
13    49.    GTI's continued use of the Asserted Trademarks in an infringing manner after
14 Glean Analytics notified it of its infringement is in bad faith and with the willful intent to deceive
15 a substantial portion of consumers, the intended audience, and the actual audience. Therefore,
16 GTI's infringing activities constitute willful infringement of at least the '582 and '167
17 Registrations in violation of at least 15 U.S.C. § 1125(a).
18    50.    GTI's use of GLEAN in commerce has caused confusion, mistake, and deception
19 and continues to cause confusion, mistake, or deception amongst a substantial portion of
20 consumers, the intended audience, and the actual audience.
21    51.    GTI's infringing activities will continue unless restrained and enjoined.
22    52.    GTI's infringing activities have directly and proximately caused and continue to
23 cause irreparable and economic injury to Glean IP and Glean Analytics, including, without
24 limitation, loss of and/or harm to goodwill, reputational harm, loss of business, loss of sales, loss
25 of revenues, and loss of profits.
26    53.    GTI's infringement of the Asserted Trademarks has enabled GTI to benefit unfairly
27 from the reputation and success of Glean IP, Glean Analytics, and the Asserted Trademarks,
28

1 thereby allowing GTI to unjustly profit, and giving GTI's products and services commercial value that they would not otherwise have.

2

3     54. Glean IP is entitled to all compensatory damages, including, but not limited to: pecuniary damages, loss of and/or harm to goodwill, lost profits, expectation and consequential damages, exemplary damages, enhanced and/or trebled damages, and disgorgement of GTI's profits.

4

5

6

7     55. Monetary damages and other remedies at law are insufficient to fully compensate Glean IP for its injuries, and Glean IP is entitled to equitable relief, including preliminary and permanent injunctive relief.

8

9

10     56. Glean IP is otherwise entitled to the remedies provided for in 15 U.S.C. §§ 1116-1118.

11

12 **COUNT III**

13 **FALSE AND MISLEADING DESIGNATIONS AND DESCRIPTIONS OF**

14 **ORIGIN, AFFILIATION, CONNECTION, ASSOCIATION, SPONSORSHIP AND/OR**

15 **APPROVAL IN VIOLATION OF 15 U.S.C. § 1125(A)**

16     57. Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

17

18     58. GTI's products and services are not produced by, sponsored by, endorsed by, or affiliated with Glean IP or Glean Analytics.

19

20     59. GTI's activities alleged above in at least paragraphs 18, 23, and 30 through 34 relating to GTI's willful use of the mark GLEAN, which is identical to and/or confusingly similar to the Asserted Trademarks, constitutes use in commerce of a word, term, name, symbol, or device, or combination thereof, or false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause, has caused, and continues to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of GTI, on the one hand, and Glean IP and/or Glean Analytics, on the other hand, and/or as to the origin, sponsorship, or approval of GTI's products, services, or commercial activities by Glean IP and/or Glean Analytics, in violation of 15 U.S.C. § 1125(a).

21

22

23

24

25

26

27

28

12

Case No.      COMPLAINT

60. Based on the acts and circumstances described above in at least paragraphs 18, 23, and 30 through 34 GTI conducted its false, misleading, confusing, and deceptive activities in bad faith, with the willful intent to deceive consumers, the intended audience, and the actual audience. Therefore, GTI's infringing activities constitute willful violation of at least 15 U.S.C. § 1125(a).

61. GTI's false, misleading, confusing, and deceptive activities will continue unless restrained and enjoined.

62. GTI's false, misleading, confusing, and deceptive activities have directly and proximately caused and continue to cause irreparable and economic injury to Glean IP, including loss of goodwill, reputational harms, loss of business, loss of sales, loss of revenues, and loss of profits.

63. GTI's false, misleading, confusing, and deceptive activities have enabled GTI to benefit unfairly from the reputation and success of Glean IP, Glean Analytics, and/or the Asserted Trademarks, thereby allowing GTI to unjustly profit, and giving GTI's products and services commercial value that they would not otherwise have.

64. Glean IP is entitled to all compensatory damages, including, but not limited to: pecuniary damages, loss of and/or harm to goodwill, lost profits, expectation and consequential damages, exemplary damages, enhanced and/or trebled damages, and disgorgement of GTI's profits.

65. Monetary damages and other remedies at law are insufficient to fully compensate Glean IP for its injuries and Glean IP and Glean Analytics are entitled to equitable relief, including preliminary and permanent injunctive relief.

66. Glean IP is otherwise entitled to the remedies provided for in 15 U.S.C. §§ 1116-1118.

/ / /

/ / /

/ / /

/ / /

/ / /

# COUNT IV

## VIOLATION OF CALIFORNIA UNFAIR PRACTICES ACT,

## BUS. & PROF. CODE § 17200 ET. SEQ.

67. Glean IP Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

68. Glean IP is the owner of all rights, title, and interest in the Asserted Trademarks and has the exclusive legal right to enforce the Asserted Trademarks in the United States.

69. Glean IP licenses the Asserted Trademarks to Glean Analytics, and Glean Analytics uses the Asserted Trademarks in commerce in the United States in connection with its AI-powered software tool for businesses.

70. Through its willful, intentional conduct described above in at least paragraphs 18, 23, and 30 through 34, GTI has engaged in unfair, dishonest and deceptive acts in violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et. seq.

71. GTI's acts and practices have caused actual confusion and actual misunderstanding as to the source, sponsorship, approval, or certification of GTI's products and services and as to an affiliation, connection, association with or certification by GTI, on the one hand, and Glean IP and/or Glean Analytics, on the other hand, which does not exist.

72. GTI's unfair, dishonest and deceptive acts will continue unless restrained and enjoined.

73. Glean IP is entitled to compensatory damages, including, but not limited to: pecuniary damages, loss of and/or harm to goodwill, lost profits, expectation and consequential damages, exemplary damages, enhanced and/or trebled damages, and disgorgement of GTI's profits.

74. GTI's unfair, dishonest and deceptive acts have directly and proximately caused and continue to cause irreparable injury and economic injury to Glean IP, including loss of and/or harm to goodwill, reputational harm, loss of business, loss of sales, loss of revenues, and loss of profits.

/ / /

75. Monetary damages and other remedies at law are insufficient to fully compensate Glean IP for its injuries, and Glean IP is entitled to equitable relief, including preliminary and permanent injunctive relief.

## COUNT V

## UNJUST ENRICHMENT

76. Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

77. Glean IP is the owner of all rights, title, and interest in the Asserted Trademarks and has the exclusive legal right to enforce the Asserted Trademarks in the United States.

78. Glean IP licenses the Asserted Trademarks to Glean Analytics, and Glean Analytics uses the Asserted Trademarks in commerce in the United States in connection with its AI-powered software tool for businesses.

79. As a result of its infringing acts described in at least paragraphs 18, 23, and 30 through 34 above, GTI has been unjustly enriched to the material detriment of Glean IP.

80. GTI's unlawful acts have directly and proximately based and continue to cause irreparable harm and other injury to Glean IP, including loss of and/or harm to goodwill, reputational harm, loss of business, loss of sales, loss of revenues, and loss of profits.

81. Glean IP will continue to suffer such harm unless GTI is preliminarily and permanently enjoined.

82. Glean IP has no adequate remedy at law to compensate it for the injuries already inflicted and further threatened by GTI.

83. Upon information and belief, GTI has also realized and will continue to realize a profit from its unlawful actions.

84. Glean IP has been damaged by GTI's actions and conduct and are entitled to compensatory damages in the form of restitution, disgorgement, and such other and further relief as the Court deems equitable and just.

/ / /

/ / /

# COUNT VI

## CALIFORNIA STATE/COMMON LAW TRADEMARK INFRINGEMENT

85. Glean IP incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

86. Glean Analytics has continuously used the marks GLEAN and GLEAN.AI in commerce since 2019 for a website that enables users to perform financial analyses and identify cost saving opportunities and providing temporary use of non-downloadable cloud-based software for accounts payable automation and spend intelligence.

87. Glean Analytics has continuously used the mark GLEAN in commerce since 2025 for downloadable mobile applications for performing financial analyses and identifying cost saving opportunities.

88. As a result of this continuous and notorious use, GLEAN and GLEAN.AI (the "Common Law Trademarks") have become widely known and recognized in the public mind as a source identifier of Glean Analytics' products and services, have acquired substantial goodwill, and are strongly associated with high-quality, effective products and services.

89. As described above in paragraphs 24-25, Glean IP is the owner of all rights, title, and interest in the Common Law Trademarks, and licenses them to Glean Analytics.

90. GTI has used GLEAN, which is identical to or at least confusingly similar to the Common Law Trademarks, in commerce and in a manner that constitutes actionable trademark use as a source identifier.

91. GTI's use of GLEAN is likely to cause, has caused, and continues to cause confusion, mistake, and deception concerning the source, sponsorship, and/or approval of GTI's products and services.

92. GTI's infringing activities constitute common law trademark infringement.

93. Based on the acts and circumstances described above in paragraphs at least paragraphs 18, 23, and 30 through 34, GTI adopted and used GLEAN in bad faith and with the willful intent to deceive a substantial portion of consumers, the intended audience, and the actual

1  audience. Therefore, GTI's infringing activities constitute willful infringement of the Common
2  Law Trademarks.
3      94.     GTI's use of GLEAN in commerce has deceived and continues to deceive a
4  substantial portion of consumers, the intended audience, and the actual audience.
5      95.     GTI's infringing activities will continue unless restrained and enjoined.
6      96.     GTI's infringing activities have directly and proximately caused and continue to
7  cause irreparable and economic injury to Glean IP, including, without limitation: loss of and/or
8  harm to goodwill, reputational harms, loss of business, loss of sales, loss of revenues, and loss of
9  profits.
10     97.     GTI's infringement of the Common Law Trademarks has enabled GTI to benefit
11 unfairly from the reputation and success of Glean Analytics/Glean IP and the Common Law
12 Trademarks, thereby allowing GTI to unjustly profit, and giving GTI's products and services
13 commercial value they would not otherwise have.
14     98.     Glean IP is entitled to all compensatory damages, including, but not limited to:
15 pecuniary damages, loss of and/or harm to goodwill, lost profits, expectation and consequential
16 damages, exemplary damages, enhanced and/or trebled damages, and disgorgement of GTI's
17 profits.
18     99.     Monetary damages and other remedies at law are insufficient to fully compensate
19 Glean IP for its injuries, and Glean IP is entitled to equitable relief, including preliminary and
20 permanent injunctive relief.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), Largan hereby demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

Glean IP asks this Court to enter judgment against GTI and its officers, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.      An adjudication that GTI has infringed the Asserted Trademarks;

1       B.      An adjudication that GTI's infringement of the Asserted Trademarks is willful;

2       C.      An adjudication that GTI used the Asserted Trademarks in a false or misleading manner;

4       D.      An adjudication that GTI's use of Asserted Trademarks in a false or misleading manner was willful;

6       E.      An adjudication that GTI violated the California Unfair Practices Act;

7       F.      An adjudication that GTI has been unjustly enriched to the material detriment of Glean IP;

9       G.      The ascertainment of and award to Glean IP of damages from the infringement of the Asserted Trademarks, including but not limited to, disgorgement of GTI's profits and corrective advertising damages, together with prejudgment and post-judgment interest and any other costs and expenses permitted by law, under 15 U.S.C. § 1117 and/or California common law;

13       H.      The award of enhanced damages according to the circumstances of GTI's infringement of the Asserted Trademarks and/or treble damages for the use of an infringing mark under California common law;

16       I.      A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Glean IP under 15 U.S.C. § 1117;

18       J.      An injunction permanently enjoining GTI and its officers, agents, servants, employees, and all persons in active concert or participation with them ("Enjoined Parties") from any further acts of infringement of Glean IP's trademarks, including enjoining the Enjoined Parties from:

          a.      using any of the Asserted Trademarks or confusingly similar marks in connection with AI-powered software tools for businesses;

          b.      aiding, abetting, inducing, contributing to, or otherwise assisting anyone in infringing the Asserted Trademarks; and

          c.      taking any action designed to circumvent the injunction for the purpose of continuing infringing activity;

18

Case No.       COMPLAINT

1  K. An accounting of GTI's revenue, net revenue, profits, and enterprise value resulting
2  from the breaches and infringement complained of in this Complaint; and
3  L. Awarding to Glean IP such other and further relief as this Court may deem just and
4  proper.

Dated: October 6, 2025

MASCHOFF BRENNAN
GILMORE ISRAELSEN & MAURIEL LLP

Thomas P. Krzeminski
David J. Williams

Attorneys for Plaintiff
Glean IP Holdings, Inc.