UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEAN IP HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> GLEAN TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 25-cv-08536-RFL <br><br> **NOTICE OF QUESTIONS FOR HEARING** <br><br> Re: Dkt. No. 33 |

The Court requests that the parties be prepared to address the following questions at the hearing on Glean Technologies' motion to dismiss set for February 3, 2026, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse:

1. Glean IP alleges that Glean Technologies began publicly using the name "GLEAN" in connection with its "AI-powered software tool" in 2021. (*See* Complaint ¶ 11.) Though Glean IP alleges that Glean Analytics "identified itself as the source" for its software using GLEAN "[s]ince its inception" in 2019 (*see id.* ¶ 8), it does not explain how this identification occurred or whether it was in commerce. The registration forms for the '682 Mark and '167 Mark, which Glean IP attached to the Complaint, indicate that those specific marks were first used in commerce by Glean Analytics/Glean IP in March 2025 and March 2023, respectively. (*See* Dkt. Nos. 1-1, 1-3.) Does that mean Glean IP has failed to allege its priority of use of the '682 Mark and '167 Mark, such that its claims based on those marks should be dismissed? Does Glean IP contend that it could amend to cure this defect, and if so, how, specifically?

2. "It is well-established that [a] trademark owner may grant a license and remain protected provided quality control of the goods and services sold under the trademark by the

1

licensee is maintained." *Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 595 (9th Cir. 2002) (citation and quotation marks omitted).  Does the Complaint contain any allegations that Glean IP attempted to maintain quality control of the Marks after it licensed the Marks to Glean Analytics?  If not, does Glean IP contend that it could amend to cure this defect, and if so, how, specifically?

3. Schedule A to the assignment agreement lists the marks assigned from Glean Analytics to Glean IP.  (*See* Dkt. No. 1-4.)  Schedule A does not list the '682 Mark among the assigned marks.  Has Glean IP sufficiently alleged that Glean Analytics assigned its rights in the '682 Mark to Glean IP?  Does Glean IP contend that it could amend to cure this defect as to claims based on the '682 Mark, and if so, how, specifically?

At the hearing, each side will address each question in the sequence listed above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: January 30, 2026

                                      RITA F. LIN
                                      United States District Judge