UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLEAN IP HOLDINGS INC.,

Plaintiff,

v.

GLEAN TECHNOLOGIES, INC.,

Defendant.

Case No.  25-cv-08536-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 33

Glean Technologies moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  (*See* Dkt. No. 33-1 (the "Motion").)  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART** under Rule 12(b)(6) and **DENIED** under Rule 12(b)(7).  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.[1]

A.     **Rule 12(b)(6)**

1.     **Lanham Act Claims and Common Law Trademark Infringement**

Glean IP brings false designation of origin and trademark infringement claims under the Lanham Act and common law.  Its claims cover three trademarks:  the '167 Mark; the '682 Mark; and the '582 Mark (collectively, the "Marks").  "To successfully maintain an action for trademark infringement [and] false designation of origin . . . under the Lanham Act or California law, [a] plaintiff must show that it has a valid trademark . . . ."[2] *Vallavista Corp. v. Amazon.com,*

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

[2] Not all courts agree that a plaintiff must allege its ownership in a valid trademark to state a claim for false designation of origin. *See, e.g.*, *Rat Pack Filmproduktion GMBH v. RatPac Ent., LLC*, No. 23-cv-04790-MEMF, 2024 WL 4452483, at *5 (C.D. Cal. Feb. 15, 2024).  The parties don't raise the issue or distinguish between the analyses of the false designation of origin and infringement claims, so this Order does not address the issue.

1

*Inc.*, 657 F. Supp. 2d 1132, 1136 (N.D. Cal. 2008).  Ownership of a valid trademark requires both priority of use and continuous use.  *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012).

Registration, however, constitutes "prima facie evidence" of the registrant's ownership in a valid mark.  *See* 15 U.S.C. §§ 1057(b), 1115(a).  Thus, a plaintiff who alleges ownership of a registered mark has sufficiently alleged their ownership of a valid mark.  *See, e.g.*, *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 808 (N.D. Cal. 2024).  Accordingly, if a plaintiff sufficiently alleges ownership of a registered mark, they need not affirmatively allege priority of use or continuous use.  *See Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) ("Registration, however, discharges the plaintiff's original common law burden of proving validity in an infringement action." (citation and quotation marks omitted)); *see, e.g.*, *Ferrero S.p.A. v. Imex Leader, Inc.*, No. 17-cv-02152-DOC, 2018 WL 11346538, at *7-8 (C.D. Cal. May 8, 2018) (rejecting argument that priority of use was insufficiently pled where mark was registered).

To be sure, a defendant may rebut the presumption of ownership of a valid mark that accompanies registration.  *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999); *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219-20 (9th Cir. 1996).  But to do so, they must produce evidence satisfying a preponderance of the evidence standard.  *See Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113-14 (9th Cir. 2010).  The issue is rarely resolved on a Rule 12(b)(6) motion to dismiss because such motions limit a court's analysis to consideration of allegations, not evidence.  *See, e.g.*, *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686 (9th Cir. 2013); *Good Meat*, 716 F. Supp. 3d at 808.

Applying those principles here, Glean IP is entitled to a presumption that it is the owner of valid trademarks because it sufficiently alleges that the Marks are registered.  Glean Technologies does not dispute that the Marks are registered.  Rather, it argues that Glean IP does not sufficiently allege either priority of use or continuous use.  As discussed above, Glean IP

2

need not affirmatively allege either of these elements because it is entitled to a presumption of ownership of valid marks.

Even so, Glean Technologies has shown that the Complaint itself rebuts the presumption as a matter of law with respect to the '167 Mark and the '682 Mark. The registrations attached to the Complaint state that Glean IP and its predecessor in interest Glean Analytics began using the '167 Mark and the '682 Mark in commerce in March 2023 and March 2025, respectively. (*See* Dkt. Nos. 1-1, 1-3.) Glean Technologies, however, allegedly began using the Marks earlier in 2021. (*See* Complaint ¶ 11.) Thus, the evidence of the registrations themselves, together with Glean IP's allegations, rebuts the presumption and demonstrates that Glean IP does not have priority of use with respect to the '167 Mark and the '682 Mark. *Cf. Rogozinski v. Reddit, Inc.*, No. 23-cv-00686-MMC, 2023 WL 4475581, at *5 (N.D. Cal. July 11, 2023) (rejecting presumption where date of first use in commerce stated in application for registration "is later than [the defendant's] alleged use of the mark").

At oral argument, Glean IP argued for the first time that because it filed an intent-to-use application when seeking registration of the '682 Mark, it began constructively using that trademark as of the application date, which predates Glean Technologies' first use in 2021, thereby affording Glean IP priority of use.[3] (*See* Dkt. No. 1-1 (application for '682 Mark filed in March 2020)); *see also* 15 U.S.C. § 1057(c) (priority of use based on "constructive use"); *Lodestar Anstalt v. Bacardi & Co.*, 31 F.4th 1228, 1237 (9th Cir. 2022) (discussing priority of use based on constructive use and intent-to-use applications). Glean IP waived this argument by not raising it in the briefing. *See, e.g.*, *Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019). Even if the Court considered the argument on the merits, nothing in the Complaint provides Glean Technologies notice that Glean IP claimed priority of use based on its purported constructive use, and Glean IP does not allege that it filed an intent-to-use application. Glean IP

---

[3] This argument does not apply to the '167 Mark because the application to register that trademark was not filed until after Glean Technologies began using the trademark in 2021. (*See* Dkt. No. 1-3 (application filed in March 2024).)

did attach a copy of the registration of the '682 Mark to the Complaint, but that registration does not provide sufficient information, standing alone, to satisfy Rule 8's notice pleading standard. *See Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011) ("The theory of Rule 8(a), and of the federal rules in general, is notice pleading."). Thus, nothing in the registration or the Complaint provides Glean Technologies with the required "short and plain statement" as to Glean IP's claimed basis for its priority. *See* Fed. R. Civ. P. 8(a)(2).

Glean Technologies has not, however, shown that the Complaint itself rebuts the presumption of validity with respect to the '582 Mark. As for priority of use, Glean IP attaches to the Complaint a copy of the trademark registration for the '582 Mark, which reflects a first use date of September 1, 2019. (*See* Dkt. No. 1-2.) September 2019 predates Glean Technologies' alleged first use of the Marks in 2021, so the presumption of priority of use is bolstered, not rebutted, as to the '582 Mark. That Glean Technologies allegedly "started its business in 2019" does not undercut Glean IP's priority of use because starting a business is not the same thing as using a trademark. (*See* Complaint ¶ 11); *see also Rearden*, 683 F.3d at 1203 ("To acquire ownership of a trademark . . . the party claiming ownership must have been the first to *actually use* the mark in the sale of goods or services." (citation omitted) (emphasis added)). Nor does the Complaint's reference to a different trademark owned by Glean Technologies that Glean Technologies purportedly used before September 2019 constitute an admission of first use of the Marks by Glean Technologies. (*See* Complaint ¶ 21; Motion at 9.)

Turning to continuous use, Glean Technologies does not identify anything in the Complaint that rebuts the presumption of validity or, by extension, the presumption that Glean IP has continuously used the three Marks. Glean Technologies implies that the presumption is rebutted because Glean IP allegedly licensed the Marks to Glean Analytics. That is insufficient to rebut the presumption. Glean IP, as a licensor, may establish continuous use based on the use of the Marks by Glean Analytics, as a licensee, so long as Glean IP has engaged in quality control of Glean Analytics' use of the Marks. *See Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 595 (9th Cir. 2002); *see, e.g., Jacobsen Outdoor Grp., LLC v. Rocky*

4

*Mountain Hunting Calls & Supplies, LLC*, No. 23-cv-00088-AKB, 2025 WL 315905, at *7 (D. Idaho Jan. 24, 2025).  Nothing in the Complaint establishes that Glean IP failed to engage in such quality control, and in light of the unrebutted presumption of validity, Glean IP need not affirmatively allege continuous use or quality control.  As explained above, registration creates a presumption that "discharges" Glean IP's obligation to do so.  *See eBAY*, 511 F.3d at 970.

Accordingly, the Court will dismiss the false designation of origin and trademark infringement claims with respect to the '167 Mark and the '682 Mark[4] and declines to dismiss those claims with respect to the '582 Mark.

### 2.    UCL

"Glean IP consents to dismiss its request for monetary damages under [the UCL]."  (Dkt. No. 36 at 14.)  Accordingly, to the extent that Glean IP seeks to recover damages, as opposed to equitable relief, under the UCL, its UCL claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

Glean IP has sufficiently alleged a loss of money or property to establish UCL standing. "The lost money or property requirement [] requires a plaintiff to demonstrate some form of economic injury . . . ."  *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) (citations and quotation marks omitted).  Glean IP alleges that Glean Technologies' infringement has caused, among other things, harm to its goodwill.  (*See* Complaint ¶ 74.)  That allegation is plausible in light of Glean IP's specific allegations about prospective customers confusing Glean Analytics with Glean Technologies.  (*See id.* ¶¶ 14-15); *cf. Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1074 (C.D. Cal. 2004) ("Irreparable harm to reputation and goodwill is presumed as a matter of law where, as here, the plaintiff has demonstrated a likelihood of confusion arising from the infringement." (citations omitted)).  Loss of goodwill satisfies the

---

[4] Glean IP does not present any reason in its briefing why its common law trademark infringement claims should stand even if the Lanham Act claims fail.  *See also Zero Motorcycles, Inc. v. Nikola Motor Co.* No. 17-cv-05370-MEJ, 2018 WL 3009126, at *5 (N.D. Cal. June 14, 2018) ("sufficiency" of Lanham Act and common law trademark infringement claims "can be evaluated under the same standard").

UCL's economic injury requirement.  *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 948 (S.D. Cal. Feb. 25, 2016).  And the alleged loss of goodwill injured Glean IP even though it licensed the Marks to Glean Analytics and did not itself directly use the Marks.  (*See* Dkt. No. 1-4 at 4 (goodwill under the Marks assigned from Glean Analytics to Glean IP)); *Shakey's Pizza Asia Venture's, Inc. v. PCJV USA, LLC*, No. 24-cv-04546-SB, 2024 WL 5051191, at *13 (C.D. Cal. Nov. 14, 2024) ("[T]he goodwill developed by a trademark licensee generally inures to the benefit of the licensor." (citations omitted)).  Accordingly, the UCL claim survives dismissal to the extent that Glean IP seeks equitable relief.

### 3. Unjust Enrichment

"Glean IP consents to dismiss Count V of the Complaint for unjust enrichment."  (Dkt. No. 36 at 14.)  Accordingly, the unjust enrichment claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### B. Rule 12(b)(7)

Rule 12(b)(7) permits dismissal where a plaintiff "fail[s] to join a party under Rule 19." The first step in a Rule 19 analysis requires assessing whether the non-party in question is "necessary."  *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  Non-parties are necessary in three circumstances:

> First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties.  Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest.  Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.

*Id.* (citations omitted).  None of these circumstances applies to Glean Analytics.[5]

---

[5] Because Glean Analytics is not necessary, the Court need not proceed with the remainder of the Rule 19 analysis.  *See Force MOS Tech. Co. v. Lin*, No. 22-cv-08938-SVK, 2024 WL 1199017, at *1 (N.D. Cal. Mar. 19, 2024).

####     1.      **Complete Relief**

In evaluating whether a court may award complete relief without joining an additional party, a "court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (citation omitted).  Glean IP primarily seeks damages and an injunction prohibiting Glean Technologies from using the Marks.  That relief can be meaningfully awarded without joining Glean Analytics as an additional party.  Whether Glean IP is entitled to injunctive relief and what Glean Technologies' anticipated defenses and counterclaims may be are irrelevant to the Court's ability to afford complete relief.  That Glean Analytics is located in New York is also irrelevant because Glean Technologies can obtain discovery from non-parties outside this District.  And while Glean Analytics may be outside the trial subpoena jurisdiction of this Court, Glean Technologies may rely on Glean Analytics' deposition testimony as a substitute for trial testimony.  *See* Fed. R. Civ. P. 32(a)(4); *Ditton v. BNSF Railway Co.*, No. 12-cv-06932-JGB, 2014 WL 12928305, at *5 (C.D. Cal. Jan. 6, 2014) (denying motion *in limine* requesting exclusion from trial of videotaped deposition where witness "is more than 250 miles from this Court").  While Glean Technologies asserts that live testimony is preferable to deposition testimony at trial (*see* Dkt. No. 38 at 11), it does not explain how that preference would prevent the Court from awarding complete relief in the absence of live testimony.

Glean Technologies' cases do not require a contrary result.  In *GayDays, Inc. v. Master Entertainment, Inc.*, No. 07-cv-06179-ABC, 2008 WL 11336945 (C.D. Cal. Mar. 6, 2008), and *Gonzalez v. Del Records Inc.*, No. 17-cv-02152-ODW, 2025 WL 372102 (C.D. Cal. Feb. 3, 2025), the non-parties had ownership interests in the trademarks.  Glean Analytics, however, has no ownership interest in the Marks following its assignment of the Marks to Glean IP.  In *Cat Coven LLC v. Shein Fashion Group, Inc.*, No. 19-cv-07967-PSG, 2020 WL 3840440 (C.D. Cal. Mar. 12, 2020), the court concluded that an absent website owner was necessary to fashion meaningful injunctive relief concerning the website.  *See id.* at *4.  But here, there is no reason

7

why Glean Analytics is necessary for the Court to meaningfully enjoin Glean Technologies' behavior.

### 2.    Impaired Interests

Whether a third party's interest will be impaired "normally involves an inquiry into the possibility of the absent party being collaterally estopped in another proceeding." *See United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994) (citation omitted).  Glean Technologies does not explain why a determination in this action will collaterally estop Glean Analytics in a potential future action.

### 3.    Inconsistent Obligations

"Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (citations omitted).  Glean Technologies points to potential exposure to "double recovery, multiple lawsuits, and conflicting obligations" in the event that Glean Analytics is not joined because Glean Analytics could bring an identical lawsuit against Glean Technologies in the future.  (*See* Motion at 19-20.)  It is not clear how another lawsuit by Glean Analytics against Glean Technologies arising out of the same alleged conduct could result in issuance of an order creating conflicting obligations with any order issued in this case.  For example, if this Court ordered Glean Technologies to pay damages or enjoined it from using the Marks, another court could issue a similar order without forcing Glean Technologies to choose which order to breach.  Likewise, refusal to award damages or enjoin Glean Technologies in one action, and an award of damages or an injunction in the other action, would not force Glean Technologies to choose between complying with one order and breaching another.

In sum, Glean Analytics is not necessary under Rule 19.

### C.    Conclusion

For the foregoing reasons, the Motion is **GRANTED IN PART** as follows:

- The claims for false designation of origin under the Lanham Act and trademark

infringement under the Lanham Act and common law are **DISMISSED WITH LEAVE TO AMEND** with respect to the '167 Mark and the '682 Mark.

- The UCL claim is **DISMISSED WITHOUT LEAVE TO AMEND** to the extent that Glean IP seeks to recover damages.

- The unjust enrichment claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

The Motion is otherwise **DENIED**.  If Glean IP wishes to file an amended complaint correcting the deficiencies identified above, it shall do so by **March 23, 2026**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

      **IT IS SO ORDERED.**

Dated: March 2, 2026

RITA F. LIN
United States District Judge

9