UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEAN IP HOLDINGS INC., | Case No.  25-cv-08536-RFL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| GLEAN TECHNOLOGIES, INC., | Re: Dkt. No. 53 |
| Defendant. | |

Glean IP brings trademark claims in connection with three federally registered trademarks:  the '167 Mark; the '682 Mark; and the '582 Mark (collectively, the "Marks"). Upon Glean Technologies' motion to dismiss, the Court dismissed in part Glean IP's claims. (*See* Dkt. No. 44 (the "Prior Order").)  Glean IP filed an amended complaint (the "AC" at Dkt. No. 47), and Glean Technologies again moves to dismiss.  (*See* Dkt. No. 53 (the "Motion").)  For the reasons set forth below, the Motion is **DENIED**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.[1]

***Priority of Use.***  As explained in the Prior Order, "[o]wnership of a valid trademark requires both priority of use and continuous use."  (Prior Order at 2 (citations omitted).)  Glean Technologies contends that Glean IP has not plausibly alleged priority of use because of Glean Technologies' ownership of a fourth registered trademark, the '819 Mark.  It asserts that the '819 Mark registration shows that its first use in commerce of the '819 Mark predates the first use in commerce of any of the Marks.[2]  However, as explained below, Glean Technologies' prior use in the '819 Mark is insufficient, without more, to extinguish the validity of the Marks as a matter of law.

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

[2] Glean IP does not dispute that this Order may consider the '819 registration attached to the Motion in evaluating the sufficiency of its allegations.  (*See* Dkt. No. 64 at 10 n.2.)

"A registered trademark holder's protectable interest is limited to those goods or services described in its registration.  [Accordingly,] . . . the validity of a registered mark extends only to the listed goods or services . . . ."  *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970-71 (9th Cir. 2007) (citations and emphasis omitted).  The four trademarks in question encompass the following goods and services:

| Trademark | Goods and Services Covered |
|---|---|
| '167 Mark (Dkt. No. 47-3) | Providing temporary use of non-downloadable cloud-based software for accounts payable automation and spend intelligence; Software as a Service (SaaS) services featuring software for automating the accounts payable process, spend analysis, and financial decision-making support; cloud computing featuring software for use in the management of accounts payable, financial reporting, and spend analytics; providing a web-based online portal featuring online, non-downloadable software that enables customers to manage invoices, process payments, and analyze spending data; platform as a service (PaaS) featuring computer software platforms for invoice processing, payment management, and financial data analytics; providing on-line non-downloadable software for integrating accounting and financial systems for the purpose of automating accounts payable and financial reporting processes |
| '582 Mark (Dkt. No. 47-2) | Providing a website featuring on-line non-downloadable software that enables users to perform financial analyses and identify cost saving opportunities |
| '682 Mark (Dkt. No. 47-1) | Downloadable mobile applications for performing financial analyses and identifying cost saving opportunities |
| '819 Mark (Dkt. No. 53-3) | Software as a service, namely, software for building software applications and for self-serve analysis, creating dashboards and reports, and creating custom data applications; platform as a service featuring computer software platforms for building software applications and for self-serve analysis, creating dashboards and reports, and creating custom data applications<br><br>**AND**<br><br>Downloadable computer software for data mining, data query, and data analysis |

While there are some similarities between the goods and services covered by the Marks and the '819 Mark, the Court cannot say as a matter of law at the pleading stage that the '819 Mark

encompasses the goods and services within the scope of the Marks.  It is not apparent, for example, that the SaaS "software for building software applications and for self-serve analysis" or the downloadable "software for data mining, data query, and data analysis" contemplated by the '819 Mark cover SaaS "software for automating the accounts payable process" ('167 Mark), a website "that enables users to perform financial analyses" ('582 Mark), or "mobile applications for performing financial analyses" ('682 Mark).

It is therefore plausible that Glean IP has priority as to use of the Marks in the goods and services listed, regardless of Glean Technologies' prior use under the '819 Mark as to a different set of goods and services.  "The mere fact that one person has adopted and used a trade-mark on his goods does not prevent the adoption and use of the same or a similar trade-mark by others on articles of a different description."  *Sunbeam Lighting Co. v. Sunbeam Corp.*, 183 F.2d 969, 972 (9th Cir. 1950) (citation omitted).  In that vein, a trademark owner "cannot simply rely on the federal registration of certain" goods and services "to establish a protected interest in" other goods and services.  *See eBAY*, 511 F.3d at 972 (citation omitted).  Thus, Glean Technologies' ownership of the '819 Mark does not defeat the validity of the Marks.

It does not matter that Glean IP characterizes Glean Technologies' acquisition of the '819 Mark as an "expansion" into "adjacent fields" as to those covered by the Marks.  (*See* AC ¶¶ 22-23.)  *Adjacent* fields are necessarily distinct from those covered by the Marks, and evaluating the degree of overlap presents a factual question inappropriate for resolution at the pleading stage.

Nor does it matter that "[t]he first to use a mark is deemed the 'senior' user and has the right to enjoin 'junior' users from using confusingly similar marks in the same industry and market or within the senior user's natural zone of expansion."  *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (citations omitted).  That principle concerns the scope of enjoining another's use of confusingly similar marks.  An owner of a registered trademark may enjoin uses extending beyond the goods and services covered by their mark.  They do not, however, own a valid trademark covering goods and services other than those listed in the registration.  *See eBAY*, 511 F.3d at 970-72.  The issue here is not whether

ownership of the '819 Mark allows Glean Technologies to enjoin uses of confusingly similar marks in its "natural zone of expansion." Instead, Glean Technologies asks the Court to find the asserted Marks invalid due to Glean Technologies' prior first use in commerce of the '819 Mark. At this stage, the Court cannot enter such a finding as a matter of law, for the reasons explained above.

Glean Technologies also argues that the Court need not credit any allegations of first use of the '582 Mark in 2019 because those allegations are contradicted by a screenshot from Glean IP's website (Dkt. No. 53-5):



Even assuming that the screenshot and the truth of the representation in the screenshot that Glean IP began using the Marks in 2020 are properly subject to judicial notice, Glean IP would still have sufficiently alleged priority under the '582 Mark because Glean Technologies allegedly began using the Marks in 2021, which is after Glean IP's purported first use of the '582 Mark in 2020. (*See* AC ¶ 12.)

*Damages.* Glean Technologies had requested a determination that Glean IP may not pursue damages in connection with any alleged infringement of the '682 Mark or '167 Mark that occurred before 2025. At oral argument, the parties entered the following stipulation, which is

hereby accepted by the Court:  Glean IP may only seek damages for the period in which:  (1) Glean IP had valid and enforceable trademark rights; and (2) Glean Technologies infringed those rights.  (*See also* Dkt. No. 64 at 14 (Glean IP proposing similar stipulation).)  The parties agreed that this stipulation moots the portion of the Motion concerning damages.  Accordingly, this Order does not reach that issue.

*Conclusion.*  For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 20, 2026

RITA F. LIN
United States District Judge